OWEN, Judge.
Appellant’s action for the wrongful death of his two-year-old son was dismissed with prejudice on the ground that the defendants were immune from suit under the doctrine of sovereign immunity.
The issue here is whether the Mosquito Control District of Brevard County, Florida, an agency of the state, had, by the purchase of liability insurance from the defendant, United States Fidelity and Guaranty Company, waived its sovereign immunity pursuant to Fla.Stat. § 455.06 (1973). We conclude that it had and that the court erred in granting the defendants’ motion to dismiss.
The complaint alleged that the plaintiff’s two-year old son drowned as a result of the defendant Mosquito Control District’s negligent maintenance of a county “owned and/or operated” drainage ditch. The complaint further alleged that the Mosquito Control District had purchased liability insurance from USF&G and had thereby waived its sovereign immunity pursuant to Fla.Stat. § 455.06.
Fla.Stat. § 455.06 provides as follows:
“455.06 Liability insurance; authority of counties, state agencies and certain political subdivisions to purchase
(1) The public officers in charge or government bodies, as the case may be, of every county, district school board, governmental unit, department, board or bureau of the state, including tax or other districts, political subdivisions and public and quasi-public corporations, other than incorporated cities and towns, of *877 the several counties and the state, all hereinafter referred to as political subdivisions, which political subdivisions in the performance of their necessary functions own or lease and operate motor vehicles upon the public highways or streets of the cities and towns of the state or elsewhere, or own or lease and operate watercraft or aircraft or own or lease buildings or properties or perform operations in the state or elsewhere are hereby authorized, in their discretion, to secure and provide for such respective political subdivisions, their agents and employees while acting within the scope of their employment, insurance to cover liability for damages on account of bodily or personal injury or death resulting therefrom, to any person, or to cover liability for damage to the property of any person or both, arising from or in connection with the operation of any such motor vehicles, watercraft or aircraft, or from the ownership or operation of any stick buildings or property or livestock or any other such operations, whether from accident or occurrence; and to pay the premiums therefor from any general funds appropriated or made available for the necessary and regular expense of operations of such respective political subdivisions, without the necessity of specific appropriation or specification of expense with respect thereto. Provided, that in those instances where, by general law, provision has been made for the public officer in charge or governing body of such political subdivision to provide such insurance, this section shall not be construed to impair any such previous acts but shall be construed as cumulative thereto.
(2) In consideration of the premium at which such insurance may be written, it shall be a part of any insurance contract providing said coverage that the insurer shall not be entitled to the benefit of the defense of governmental immunity of any such political subdivisions of the state in any suit instituted against any such political subdivision as herein provided, or in any suit brought against the insurer to enforce collection under such an insurance contract; and that the immunity of said political subdivision against any liability described in subsection (1) hereof as to which such insurance coverage has been provided, and suit in connection therewith, are waived to the extent and only to the extent of such insurance coverage; provided, however, no attempt shall be made in the trial of any action against a political subdivision to suggest the existence of any insurance which covers the whole or in part any judgment or award which may be rendered in favor of the plaintiff, and if a verdict rendered by the jury exceeds the limit of the applicable insurance, the court shall reduce the amount of said judgment or award to a sum equal to the applicable limit set forth in the policy.”
(emphasis supplied)
From the allegations of plaintiff’s complaint it is clear that the drainage district, in the performance of its necessary functions, (1) owned or leased property, i. e., the drainage ditch, and (2) performed operations in the state, i. e., maintained the drainage ditch, and that the liability insurance which the drainage district purchased was to cover liability arising from or in connection with the ownership or operation of such property. Comparing these allegations with Fla.Stat. § 455.06, it is apparent that the Mosquito Control District was authorized on two separate bases under that statute to secure insurance coverage. Having secured this coverage, it effectively waived its immunity to the extent of the coverage secured.
Appellees’ reliance upon the case of Arnold v. Shumpert, 217 So.2d 116 (Fla.1968) is unavailing. That case merely held that Fla.Stat. § 455.06 did not make provision for insuring, and thereby waiving immunity, for liability for damages arising out of the operation of a traffic light. Clearly, *878 that is not the situation with which we are confronted here.
The judgment of the circuit court is reversed and this cause remanded for further proceedings not inconsistent herewith.
MAGER and DOWNEY, JJ., concur.